```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA       )
                               )
     v.                        )  CRIMINAL NO. 09-10377-NMG
                               )
CLEVELAND BRANDON              )
```

**TRIAL BRIEF OF THE UNITED STATES**

The United States, through undersigned counsel, respectfully submits this trial brief in accordance with the Court's Pretrial Order. The Trial of this matter is scheduled to begin on November 22, 2010. The sole count of the indictment alleges a violation of 18 U.S.C. §922(g)(1).

Under 18 U.S.C. §922(g)(1), it is unlawful for:

> any person, who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce, or possess in or affecting commerce or ammunition which has been shipped or transported in interstate or foreign commerce.

The elements of 18 U.S.C. §922(g)(1), felon in possession of a firearm and ammunition are:

FIRST:   That the defendant knowingly possessed a firearm or ammunition;

SECOND:  That such possession was in or affecting commerce; and

THIRD:   that the defendant previously had been convicted in any count of a crime punishable by imprisonment for a term exceeding one year.

1

I.  **SUMMARY OF GOVERNMENT'S CASE**

On October 8, 2009 at about 9:30 p.m., Brockton School Police Officer David Montrond was traveling westbound on Forest Avenue in Brockton, when he observed a white Mitsubishi bearing Massachusetts registration 3333MV traveling at a high rate of speed.  Officer Montrond activated the lights and sirens on his police cruiser.  At that time, Officer Montrond observed the driver, (and sole occupant of the car), apply the brakes.  He also observed the passenger side window roll down, and observed the driver toss an item out of the window in front of 125 Forest Avenue.  The driver pulled over the car in front of 137 Forest Avenue, a short distance away.

Officer Montrond exited his cruiser with his gun drawn due to his belief that the item that had been tossed out of the window was a gun and his fear that the vehicle might contain another weapon.  Officer Montrond asked the driver, later identified as Cleveland Brandon, to turn off the vehicle and to show his hands. Brandon complied.  Officer Montrond then opened the driver's side door, removed Brandon from the car, handcuffed him, and pat frisked him for weapons.

Officer Montrond then called Brockton Police Dispatch for backup to assist with the traffic stop.  Officers Robert Smith, Scott Landry, Pat O'Malley, William Willis, and Sergeant Richard Linehan arrived at the scene soon after.  Officer Montrond asked

the officers to search for the item that had been tossed from the car at 125 Forest Avenue. Officer Smith assisted Officer Montrond in securing Brandon while the aforementioned officers and Sergeant secured a black glove on the sidewalk. Clearly seen sticking out of the glove was a silver and black handle of a gun. The glove containing the gun was on the sidewalk directly where Officer Montrond indicated it was located.

The gun recovered from inside the glove in front of 125 Forest Avenue was a chrome-colored automatic handgun with a brown handle. The gun was photographed on the scene. The officers searched Brandon and the vehicle for additional weapons or contraband, but found nothing.

Sergeant Linehan approached Brandon when he was secured in the cruiser and asked him for his license to carry a firearm. Brandon first stated that he did not have a gun, and then stated that he did not have a license for a gun. Sergeant Linehan informed Brandon of his <u>Miranda</u> rights, which Brandon stated that he understood. The Sergeant then asked who owned the vehicle, and Brandon responded that it was his girlfriend's vehicle. Brandon then stated that his girlfriend did not have a license to carry a firearm and that the gun was not hers.

Brandon was transported to the Brockton Police Station, and his vehicle was towed to the Station, where it was searched for additional firearms and drugs. This search revealed no

additional contraband.  Brandon was issued a citation for speeding.

## II. **PROPOSED STIPULATIONS OF FACT**

The United States of America and the defendant, CLEVELAND BRANDON, have stipulated that:

1.   The Colt, .45 caliber semi-automatic pistol, bearing serial No. 216534, that is marked as Government's Exhibit ___, is a firearm within the meaning of 18 U.S.C. §922(g)(1), that is, it is a weapon designed to expel a projectile by the action of an explosive.

2.   The six rounds of .45 caliber ammunition, that are marked as Government's Exhibit ___ , are ammunition within the meaning of 18 U.S.C. §922(g)(1), that is, they are bullets designed for use in a firearm.

3.   The Colt .45 caliber semi-automatic pistol bearing serial NO. 216534 referred to in the indictment and entered in evidence as Government Exhibit___ was manufactured outside of the Commonwealth of Massachusetts and therefore traveled in interstate commerce before the defendant's arrest on October 8, 2009.

4.   The six rounds of .45 caliber ammunition, referred to in the indictment and entered in evidence as Government's Exhibit ____ were manufactured outside of the Commonwealth of

Massachusetts and therefore traveled in interstate commerce before the defendant's arrest on October 8, 2009.

5. Prior to October 8, 2009, the defendant, CLEVELAND BRANDON, had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year.

6. Prior to October 8, 2009, the defendant CLEVELAND BRANDON never received a pardon from the Governor of the Commonwealth of Massachusetts restoring his right to carry and/or possess a firearm and ammunition under state law, nor has the defendant, CLEVELAND BRANDON had his federal firearm privileges restored following his felony conviction.

### III. SIGNIFICANT ISSUES THAT MAY ARISE AT TRIAL

At the present time, the government does not foresee any significant issues that may arise at trial.

The United States respectfully requests leave to supplement this Trial Memorandum in the event additional trial issues are raised by the defendant or there is a material change in the government's case-in-chief.

### IV. JURY VOIR DIRE QUESTIONS

The government's proposed jury voir dire questions have been filed in this matter.

**V.      PROPOSED JURY INSTRUCTIONS**

The government's proposed jury instructions have been filed in this matter.

                                      Respectfully submitted,

                                      CARMEN M. ORTIZ
                                      United States Attorney

                            By:  /s/Kenneth G. Shine
                                    KENNETH G. SHINE
Dated: November 5, 2010        Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

Suffolk, SS.                              Boston, Massachusetts
                                            November 5, 2010

I, Kenneth G. Shine, Assistant U.S. Attorney, do hereby certify that I have this day served a copy of the foregoing by mailing and by electronic court filing, upon Ian Gold, Esq.

                                      /s/ Kenneth G. Shine
                                      KENNETH G. SHINE
                                      Assistant U.S. Attorney